UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHARON JACOBS, | ) |
| Plaintiff, | ) |
| | ) No. 1:23-cv-288 |
| v. | ) |
| | ) Hon. Paul L. Maloney |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff brought this social security action under 42 U.S.C. § 405(g) after the Commissioner denied her claim for disability insurance benefits. (ECF No. 1). Magistrate Judge Ray Kent issued a report and recommendation recommending that the Commissioner's decision be affirmed. (ECF No. 14). This court adopts the factual record as explained in the report and recommendation because neither party raised any factual objections. (*Id.* at PageID.1425-28). The court will adopt the report and recommendation.

I.

After being served with a report and recommendation ("R&R") issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de

1

novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrates Act. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

## II.

Plaintiff filed one objection to the report and recommendation: "The ALJ did not elicit sufficient testimony from the VE regarding reliability of her methodology, despite Ms. Jacob's counsel challenging the VE's methodology during and after the hearing." (ECF No. 15 at PageID.1437). Although structured under one objection, Plaintiff asserts that (1) the ALJ did not make a proper inquiry into the VE's methodology; (2) SkillTRAN is not a recognized estimation method by the agency; (3) Plaintiff's stipulation to the VE's credentials does not waive a challenge to the VE's methodology; and (4) the ALJ did not address

2

Plaintiff's substantive objections to SkillTRAN. This court agrees with the ALJ and Judge Kent.

First, Plaintiff argues that the ALJ should have inquired into the VE's use of SkillTRAN to calculate the number of jobs available for Plaintiff. Plaintiff relies on out of circuit precedent. "[W]hen a claimant challenges a vocational expert's job-number estimates, the ALJ has a duty to spend time inquiring into the expert's methodology. *Ruenger v. Kijakazi*, 23 F.4th 760, 764 (7th Cir. 2022). Here, the record reflects that the ALJ did inquire even if the ALJ did not specifically question the ALJ.

> If claimant had the residual functional capacity to perform the full range of light work, a finding of not disabled would be directed by Medical-Vocational Rule 202.21. However, claimant's ability to perform all or substantially all the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, I asked the VE if jobs exist in the national economy for an individual with claimant's age, education, work experience, and residual functional capacity. The VE testified that given all of these factors the individual would be able to perform the requirements of representative light occupations such as housekeeping cleaner positions with approximately 195,000 jobs (DOT #323.687-014); cashier positions with approximately 535,000 jobs (DOT #211.462-010); and router positions with approximately 31,000 jobs (DOT #222.587-038). The VE recognized the relevant region as the national economy.
>
> At the hearing, claimant's representative questioned the VE on her sources and methodology on identifying jobs numbers, particularly for the housekeeping cleaner position. The VE indicated that she used SkillTRAN and Job Browser Pro as well as her own professional experience in classifying the housekeeping cleaner position as a light exertion job. The VE confirmed that SkillTRAN and Job Browser Pro were the source of her job numbers. When the VE asked the representative if he would like her to provide another light and unskilled job at Step 5 as an alternative to the housekeeping cleaner position, the representative responded negatively. At the close of his questioning, the representative objected to the use of SkillTRAN to meet the Commissioner's burden at Step 5.

> Post-hearing, claimant's representative submitted a brief iterating his objections to the VE's testimony regarding other jobs available at Step 5. While the representative repeated his objections to the housekeeping cleaner job, he also included references to a parts assembler and mail clerk position and the VE's testimony regarding job numbers for those positions. But the VE did not identify a parts assembler and mail clerk position as other jobs in claimant's case (Exhibit B10E).
>
> The VE has over 30 years of professional knowledge and experience in job placement. Counsel was given an extensive opportunity to question the impartial VE about the sources relied upon and the methodology utilized for identifying the number of available jobs (Hearing Testimony). There is nothing in the regulations that requires a specific methodology be used (20 CFR 404.1566 and 416.966; SSR 004-p). The regulations require only that work exists in the national economy, meaning that it has a significant number of jobs either within the region or in several other regions (20 CFR 404.1566 and 416.966). The Social Security Administration recognizes SkillTRAN as an acceptable electronic version of the Dictionary of Occupational Titles. Moreover, the Dictionary of Occupational Titles has been administratively noticed in the Administration's regulations. See 20 CFR 404.1566 and 416.966.

(ECF No. 3-2 at PageID.41-42).

Unlike in *Ruenger*, Plaintiff's counsel's cross-examination did not "raise doubts" about the regularly used and permissible SkillTRAN software. It is possible, as here, that "extensive" questioning from a claimant's counsel could suffice as a sufficient inquiry. The ALJ also noted that the VE has over 30 years of experience and that the Social Security Agency recognizes SkillTRAN as an acceptable software. *See Purdy v. Berryhill*, 887 F.3d 7, 14 (1st Cir. 2018) (recognizing SkillTRAN as "widely relied upon by vocational experts"). *Purdy* also recognized that the Seventh Circuit "stands alone" in imposing "a Daubert-like requirement on ALJs in Social Security cases." *Id.* at 16; *accord Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 449 (2d Cir. 2012) ("It is also unclear, given our standard of review, why a *Daubert*-like hearing is even useful.").

4

Second, Plaintiff's assertion that SkillTRAN is not an acceptable methodology is refuted by case law. *See Purdy*, 887 F.3d at 14. Plaintiff's own brief acknowledges that "Courts of Appeal have specifically acknowledged SkillTRAN's wide usage amongst Ves . . . ." (ECF No. 15 at PageID.1447).

Third, Plaintiff seems to suggest that the report and recommendation concluded that Plaintiff waived her right to object to the VE's methodology when she stipulated to the VE's credentials. The report and recommendation did not do that. Instead, the report and recommendation summarized the VE's lengthy and credentialled career, much like the ALJ. When discussing the ALJ's discussion of the VE and the VE's opinions, the report and recommendation stated: "Next, as to the substance of VE McFarland's testimony, the ALJ found that the job information she provided was both reliable and consistent with the information contained in the DOT. PageID.41-42. In identifying jobs at step five, McFarland used SkillTRAN, identified the jobs with reference to the DOT code numbers, and factored in her personal experience and expertise." (ECF No. 14 at PageID.1434). The report and recommendation's only discussion of waiver was in footnote 2, which pertained to Plaintiff's counsel's failure to include a statement of errors as directed by the court. (*Id.* at PageID.1429).

Fourth, Plaintiff argues that the ALJ did not address Plaintiff's "substantive" objections to the use of SkillTRAN. She principally relies on a district court opinion from the Seventh Circuit, *Westendorf v. Saul*, No. 19-CV-1019-JDP, 2020 WL 4381991 (W.D. Wis. July 31, 2020). In *Westendorf*, the court found that the SkillTRAN was unreliable because the document was "out of date" and the methodology was "opaque." *Id.* at *3.

5

*Westendorf* is not determinative for several reasons. First, the *Westendorf* district court sits in the Seventh Circuit, which imposes higher burdens on the ALJs. Second, the record here demonstrates that the ALJ did address Plaintiff's "substantive" objections. (ECF No. 3-2 at PageID.41-42). "[W]hen a qualified vocational expert testifies that a person with the claimant's work experience and physical limitations could perform a significant number of jobs available in the national economy, the ALJ has a solid basis for denying disability benefits." *Moats v. Com'r of Social Security*, 42 F.4th 558, 562 (6th Cir. 2022). The court will reject Plaintiff's objections.

### III.

This court conducted a review of this matter. Having read the file and relevant authority, the report and recommendation is adopted over the objections. The Commissioner's decision is affirmed.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 14) is **ADOPTED**.

**IT IS SO ORDERED.**

Date: October 16, 2024          /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge